Good morning. May it please the court, Jonathan Libby appearing on behalf of appellant Samuel Bonner. Your honor, Sam Bonner has been diligently attempting to seek cabious relief in federal court for nearly 20 years. He filed the instant petition nearly 15 years ago and but for a series of extraordinary circumstances Mr. Bonner undoubtedly would have had a timely filed petition. As a result he's deemed as timely filed. I would note Mr. Bonner only needs equitable tolling for the periods in which he had petitions filed and pending in the state courts. If you don't give him any credit for any of the gap times between his various petitions in state court he still was within the one-year statute of that existed in the case and then I'll get into diligence. There are a number of extraordinary circumstances. First we have the fact that Mr. Bonner filed a pre-EDPA petition back in 1983 which was dismissed as mixed without giving him the opportunity to simply dismiss any unexhausted claims. Case law is very clear that that in itself would justify equitable tolling. So in those cases I think the government makes this point and in those cases the EDPA statute of limitations had already run where we said that's an extraordinary circumstance because it's impossible that it's already run. That wasn't the case for him though and so it seems like this situation in order to make sense of our case law that says it has to be impossible for it to be extraordinary circumstances seems to distinguish it. What do we do with that? Well and I think that's why we kind of have to look at many of these extraordinary circumstances that we have in their totality and not really look at them separately because what we also have here with Mr. Bonner's pre-EDPA petition is the fact that the court affirmatively misled him as to the fact that there were unexhausted claims when in fact two of the claims the court said were to go back and exhaust were in fact fully exhausted. But there was one that was unexhausted correct? That is correct. So he would have had to do something with it because with this case law that the court couldn't consider the mixed petition. Sure but if but and that was the insufficiency of the evidence claim and as I read Mr. Bonner's petition with respect to that claim it's not clear that that actually was intended to be a completely independent claim. That in fact what he was saying was if in fact this perjured testimony had not been admitted which was one of his other claims then there would not have been sufficient evidence. So really he was discussing how he would not have been found guilty but for this perjured testimony which was in fact one of his fully exhausted claims that the court said in fact had not been exhausted. So when you look at it that way then he may in fact and I think since we're supposed to be liberally construing these petitions that's you know he in fact had a fully exhausted petition at that time and then the court just got it wrong. And so the fact that in fact he had fully exhausted claims and was affirmatively misled which itself also would be ground for finding equitable tolling. He wasn't affirmatively misled, the district court just dismissed it. Well but said because you you raised the following claims and they have not been exhausted and you must go back to state court to exhaust them. When in fact he had already exhausted them. Did he go back to state court at that time? He did. I mean that's why he went back. How long did it take him to go back? When did he then file a state petition? He then filed a state petition in state courts either August or September of 95. So it was about a year and a half later. So for reasonable diligence we're supposed to be looking at you know the time it took them to go back to state court and the time between these claims. And I know your argument was well this was all pre-EDPA but I was of reasonable diligence pre-EDPA and it seems like we do need to consider it don't we? Well here's the difference. In Pace there in fact was not a pre-EDPA federal petition that had been filed. What happened was EDPA passed and then Pace in fact then attempted to you know go into state court. And he did it when he was right up against the deadline. And there what the Supreme Court was saying is look you have plenty of opportunity and you then just wasted all your time until you already had this deadline pending. Mr. Bonner didn't have a deadline pending. This was all completely pre-EDPA. As far as I can tell EDPA had not even been proposed at that point and yet he still then went back and did go to state court and did raise these issues in state court again when there was no overlap where he was aware that when a deadline was pending and he still had cases in state court and didn't do what Pace said to do which was file a protective petition in federal court and etc. Well with respect your honor I'd argue he had already filed his petition which was then erroneously dismissed. So he had already done that and so he was stuck back in state court. And what happened is EDPA did pass and he was then coming up against the deadline. While he already had his his petition pending in Superior Court for a year almost a year and nine months at that point and because he hadn't heard anything and it appeared that the deadline was approaching he then filed another petition in Superior Court. That's the second petition in January of 97? Correct. Now that's all going to your the reasonable diligence aspect. How about the extraordinary circumstance part of the of the analysis? Sure as I was saying I mean we have several extraordinary circumstances. The fact that he his his first petition was erroneously dismissed without giving an opportunity to to dismiss the unexhausted claim which I would argue wasn't even unexhausted. The fact that he was misled about the fact that he had these claims that the court said were not the same. Isn't that the same argument? That's just a different way of looking at the first point. It's it both flows from the determination that the petition was the mixed petition issue. Sure well there are different lines of cases that address them. I mean in that situation one situation it's he's entitled to equitable tolling. There's cases where it says in the other situation he's entitled to equitable tolling. We also have the fact that the state court as I said did delay all this time which of course you know he was waiting for the Superior Court to decide the case before he then proceeded up the line through the California state system. And so because of that delay and when you look at the the prior ninth circuit decision in this case you know this court said that he lost 270 days of 365 days he had because of the fact that Pace now says he didn't have a properly filed petition. All right so because of that delay he lost you know nine months right then and there. He can't rely on he you could rely on circuit precedent that then changes but you can't rely on a district court opinion that then subsequently the circuit overrules and said I was misled because of the district court opinion I relied on that. You can't that's not a basis for extraordinary circumstance showing is it? Well I'm not sure I completely understand your honor's question. What we're saying is the delay itself is a basis for seeking equitable tolling because he's not entitled to statutory tolling anymore. Now in terms of the change in the law brought about by Pace in Harris v. in the government's brief the court relied on a 10th circuit decision York versus Galecki which has very similar facts to this case. There after the petition was filed there was some ambiguity in the law the circuit had not yet addressed the issue. The circuit then resolved the law in the petitioner's favor. Supreme Court subsequently reversed and the 10th circuit said that's basis for equitable tolling. They're right there. So there are multiple basis here multiple circumstances your honor that we would submit justify equitable tolling here. And then in terms of the diligence as I said Mr. Bonner has been diligently trying to litigate this. He again when the state court hadn't ruled he went back to state court and said look you haven't ruled we ruled. He then filed right up the labyrinth through the state court system. He went to the court of appeals. He went to the Supreme Court and again we're not even looking for the gap tolling time here. You know if you just count the time his various state petitions were pending then he's he's within the one year statute of limitations. And with that I see my time has expired. Thank you. I'll give you a minute for rebuttal. Good morning your honors. May it please the court. Deputy Attorney General Teresa Patterson on behalf of respondent. Petitioner's conviction became final on direct appeal in May of 1985, 28 years ago. And since that time there have been numerous and very importantly unexplained delays in seeking post conviction relief. And it is petitioner's lack of diligence rather than any extraordinary circumstance which caused him to file an untimely federal petition. And therefore this court should affirm the district court's finding that the petition was untimely. So the lack of diligence pre-EDPA or post-EDPA? It's both. And in pace the Supreme Court clearly stated that you consider the period of time even before the ADPA was enacted. And that a quote that they quoted a case called McQuitty versus Ware stating equity always refuses to intervene where there has been gross latches in the prosecution of rights. And that's very applicable here. So 1994 the district court did make a mistake right? I disagree. The court made the correct ruling based on the information that was presented to the court by petitioner. Petitioner only mentioned one of his two California Supreme Court proceedings. He mentioned his petition for hearing. He did not mention his 1991 California Supreme Court petition, which contained the other claims. And so based on the information that was presented by petitioner, the district court made the correct ruling that only one claim. Well at that time, as I recall, the district court had to give notice. It was a mixed petition, right? It was in 1994. It was pre-EDPA. I'm not sure what you mean give notice of what. Well, once there was a mixed petition, the district court had to, meaning that there were exhausted and unexhausted claims, the district court had to give them the option of dismissing the unexhausted claims and proceeding with the exhausted claims or going back and refiling another petition. The law was not. Well, I, you know, I shouldn't say 91. I wasn't on the district court in 91, but in 94, that was certainly the practice. Well, even if that was required of the court, there, since there was no statute of limitations in place at the time, nothing would have prevented him from immediately refiling another petition containing only unexhausted claims or providing the court with sufficient information to establish that his claims were, in fact, exhausted, or he could have even appealed that ruling to this court and he failed to take any of those actions. Instead, what he did was waited over a year before he then returned to Superior Court and presented a claim to that court that he had already presented to that same court and that he had had an evidentiary hearing on that same claim. He wasn't trying to exhaust the three claims that were identified as unexhausted in the 1994 district court federal petition. He instead proceeded to the Superior Court and presented a claim he had already presented without explaining why he was he presented what he called new evidence, which was a 1991 Los Angeles Times newspaper article about his trial counsel. So in 1990, or excuse me, in 1995, he's presenting to the Superior Court a new petition citing this 1991 newspaper article as new evidence. He didn't explain why it took him so long to come back with that new evidence. And the Superior Court ultimately denied that petition in part due to his failure to explain his significant delay. So I thought we said in later in Smith versus Rattelli? Right. And Telema versus Lung? Correct. That the situation where the district court dismisses a mixed petition without giving the proper notice. I thought we said that that was qualified as an extraordinary circumstance. Well, but that's... For purposes of equitable... Those cases were decided in light of the AADPA statute of limitations, and those concerns don't necessarily apply. Why not? I don't understand. I mean, he filed... he couldn't file a mixed petition at the time he did, and it was pretty customary practice at that time, at least I think, that you had to give him the option of dismissing the unexamined. Well, it was unclear. There was no case... Well, but later on, we said in Telema and Smith that it was extraordinary, since Judge Acuda started out. The reason that was an extraordinary circumstance was because the statute of limitations had run its course by that time, and it would have been impossible for the petitioner to file a timely petition at this case... at that time. In this case, the petition was dismissed in 1994 when there was no statute of limitations, so it was not an extraordinary circumstances. Even if it was an error, it was not an extraordinary circumstance, which prevented a timely filed federal petition. It says Telema and Smith, do those cases, and go back and look, make this point clearly that you're making that this is... that those decisions are premised on the idea that this is post-AEDPA, and therefore, we're in a world in which you're out of luck. Does it... are those clear... is that clearly stated in either of those opinions? I'm not sure if it's in those cases that, excuse me, that specifically make that point, but I know, I think in at least one of those cases, they explain that the reason you need this is because of the statute of limitations. It's the combination of the statute of limitation and the dismissal without giving the option at that point, and... So, my concern is that we have other case law that says it has to be impossible to file in order for it to be extraordinary circumstances, and what you're saying is, if the statute of limitations hasn't run, then it's not possible. Is that right? So, it was possible? I think the argument he's making is that it may have been possible, but he had bad advice from the district court. How does that rank with our extraordinary circumstances case law? Well, the district court's order dismissing the petition, or denying the petition, explained to him that three of your four claims have not been state remedies as to these federal contentions, and the petition was denied without prejudice to its refiling after exhaustion of state remedies. In particular, in light of the fact that petitioner did not alert the federal court habeas petition, had he done so, and this should have been within petitioner's knowledge that he had presented those claims in some way, shape, or form to the California Supreme Court, if he believed those claims were indeed exhausted, it was his duty to present that information to the federal court, and he could have refiled immediately. This was a dismissal without prejudice, and nothing precluded him from filing a timely petition immediately. So, you're saying, even if the district court, I understand your argument that the district court didn't know, didn't have the information before it that would allow it to say this is a fully exhausted petition. That's the opposing counsel's argument. But, as Judge Paya says, the district court may have been wrong in not giving the petitioner the option to go forward on his, the claims that were exhausted, that he was aware were exhausted. But, if I understand you right, you're saying notwithstanding that, there were no extraordinary circumstances because he could have moved forward diligently. Exactly. There's a lack of causal connection in this case because of the way he proceeded following, both pre-AEDPA and after the dismissal of the 1994 petition. So, you said there was a delay both pre and post. So, you've been addressing pre-AEDPA. Right. Post. What, where's the significant delay there? After his superior court petition was denied, he waited, excuse me, his request for re-hearing was denied by the superior court in February of 1997. And then his petition for, he filed a petition for review in the California Court of Appeal in March of 97. So, that was promptly filed. There was a delay between the denial of the Court of Appeal petition and the filing of a California Supreme Court petition. And that was over a three-month delay. And then after the California Supreme Court ultimately denied the petition in May of 1998, there was a three-and-a-half-month delay between that point and the point that he returned to federal court. And this court has stated that 30 days should be sufficient after getting a denial, an ultimate denial from the state courts to return to federal court. Which case did we say that 30 days was all you get? Guillory v. Roe, citing Kelly v. Small. It was, and Guillory was also a case that found that any error in, I believe that was a case, finding a lack of diligence precluded equitable tolling. And that is applicable here as well. It was lengthy periods of inactivity and there has never been any explanation for several crucial periods in time. Such as why it took so long for petitioner to file his first state habeas petition in 1990. There's never been any explanation for after his California Supreme Court habeas petition was denied in 1991, why he waited nearly two years to file his first federal petition. There's never been any explanation why after his 1994 federal petition was dismissed, why he waited over a year to return to state court, and why he did not attempt to exhaust the claims that had been ADPA statute, nor constitutes an equitable exception. The ADPA is designed to further the principles of comedy, finality, and federalism. Thank you. Thank you. Your Honor, with respect to diligence, in Holland, the Supreme Court made clear all that's required is reasonable diligence, not extreme diligence, reasonable diligence. And what we have here, and first let me say, the requirement that the courts allow a defendant to dismiss any unexhausted claims, that comes from Rose v. Lundy, a Supreme Court case from 1982. Into Lemon and Smith, it relied on Rose v. Lundy. So the law was very clear at the time that Mr. Bonner should have been. If I recall correctly, the district court's order in, was it 90? What was the year that the district court first dismissed the first petition? 94, Your Honor. I thought the district court said that all of the claims asserted were unexhausted. In his first federal petition? Yeah. The court found that three of the four had been, were unexhausted, though two of those clearly were exhausted at the time. And then as I've said, the one, the insufficiency of the evidence, I would submit if you liberally construe his petition, that actually didn't have, that wasn't an independent ground that he was seeking relief on. So I was just, let me just see here. Oh, I see. Yeah, you're right. So he did go back to court. He went back to court following all deadlines that he was required to file at that time, which were none. So to suggest that he lacked diligence for filing petitions within the required time constraints is somewhat ridiculous, frankly. The government brings up that, well, he also then waited three months between the time his court of appeal decision, the petition was denied, and then he went to the California Supreme Court. In fact, that's not entirely true. Actually, he filed, he attempted to file in that decision just a month later. And then again, when the court rejected his filing, he sent it back a month after that. And when that was again rejected, he sent it back a month after that. And then he, a month after that, a month and a half after that, filed a habeas petition that was accepted. So that delay that the government, that the state refers to, isn't in fact there. He continued to file pleadings in the various courts in order to fully exhaust these claims that the court told him he had to fully exhaust. Okay. Thank you, Your Honor. Thank you. Thank you, counsel. We appreciate your arguments.
judges: Seeborg, Paez, Ikuta